UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KBT GROUP, LLC, et al.,

    Plaintiffs,

v.

CITY OF EASTPOINTE,

    Defendant.

Case No. 18-10409

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

_____/

**ORDER OVERRULING DEFENDANT'S OBJECTION [43] TO THE ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY [42] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [35] AND PLAINTIFF'S MOTION TO STAY [37]**

Plaintiff brings this suit against the City of Eastpointe for taking what it alleges are illegal and unconstitutional regulatory actions against its property at 23155 Beechwood, after the City deemed it a "dangerous property." Plaintiff brings the suit as a putative class action and challenges both the means by which the "dangerous property" designation is assigned and the City's actions in furtherance of its scheme.

There has been some confusion about which owner of 23155 Beechwood is the proper Plaintiff to bring this suit. The Magistrate Judge granted Plaintiff's Motion to Amend its Complaint to address this matter on March 14, 2019. Defendant

objected on the grounds that the Court lacks subject matter jurisdiction to hear this case, and that Objection is now before the Court. Because this matter concerns the parties' procedural rights, a detailed procedural history is warranted.

## PROCEDURAL HISTORY

On February 2, 2018, Plaintiff, H&J Solutions, brought this action against the City of Eastpointe. [Dkt. #1.]. On March 19, 2018, Defendant filed an Answer [6] stating that it "lack[ed] knowledge or information sufficient to form a belief as to the truth of the matter asserted" in regard to Plaintiff's assertion that jurisdiction by this Court is proper (¶¶ 44-48), and in regard to the portion of the complaint that described the injuries H&J suffered as a result of the City's actions (¶¶ 37-40).

On September 21, 2018, after some discovery, Plaintiff moved to substitute-in KBT as Plaintiff. It noted that both H&J and KBT are controlled by the same people, and that it was KBT, not H&J, who had "title to the property at issue prior to the invoice being issued for the City's unlawful fees." (Dkt. 15, pg. 5). Defendant filed a response to that Motion on October 5, 2018 stating that "The City of Eastpointe does not object to the substitution," but also reserving "additional defenses created by the substitution created by the transfer of a property interest [sic] during the pendency of this litigation." Among these defenses was that KBT does not have standing, because it did not participate in the Dangerous Buildings hearing.

On October 29, 2018, Plaintiff filed an Amended Motion to Amend [23], clarifying that H&J was the manager of KBT and that the property was transferred on February 10, 2017 for liability purposes and in order to put title in a Michigan company.

On February 15, 2019, after another three months of discovery, Defendant filed a Motion to Dismiss Due to Lack of Standing [35]. It argued that H&J Solutions lacked standing to bring this suit because KBT, not H&J, sustained the alleged injuries giving rise to the suit. On February 21, 2019, Plaintiff filed a Motion to Stay [37] Defendant's Motion to Dismiss [35] pending the outcome of its motions for Leave to File an Amended Complaint [15, 23]. Defendant filed a Response to the Motion to Stay [38] on February 27, 2019. On March 14, 2019, the Magistrate Judge granted Plaintiff's First Motion to Substitute Party [15]. The Magistrate Judge noted that Defendant did not object to the substitution in its response and ordered Plaintiff to file an amended complaint within 10 days. The Amended Complaint [44] was filed on March 19, 2019.

Defendant objected to this Order on March 18, 2019. It argued that the Court's lack of subject matter jurisdiction cannot be waived, and that the Magistrate Judge's Order is a "nullity," because the Court never had jurisdiction.

## STANDARD OF REVIEW

Objections to orders on non-dispositive matters by Magistrate Judges are heard under FED. R. CIV. P. 72(a).

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a).

For this reason, "[r]eview under Rule 72(a) provides "considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995). Indeed, "Clear error will lie only when the reviewing court is left with the definite, firm conviction that a mistake has been made." *Mitan v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 156696, *8, 2013 WL 5913660 (E.D. Mich. Nov. 1, 2013) (quoting *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005)).

## ANALYSIS

Though Defendant does not cite this standard, it argues that the Magistrate Judge erred when she granted a motion to amend a complaint despite Defendant's

pending motion to dismiss on subject matter grounds. Though there may be times when granting leave to amend may be inappropriate when it moots a pending motion to dismiss, this is not one of them.

Defendant is of course correct that defects in subject matter jurisdiction cannot be waived and mandate dismissal even when not raised until the Supreme Court. *See Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149 (1908). In this case though, the Court never found that it lacked jurisdiction, because it never adjudicated Defendant's Motion to Dismiss. Far from Defendant's assertion that "Plaintiff is a complete stranger to this case," it seems that H&J and KBT are closely related, and that the standing question would be resolved in the normal course of things, after briefing by the parties and a hearing. This was never necessary, of course, because the Magistrate Judge decided the outstanding motion to amend before briefing was even completed on the motion to dismiss.

There is no rule that courts must prioritize adjudicating Rule 12(b)(1) motions to dismiss over earlier-filed procedural motions that may moot those motions. Indeed, the Sixth Circuit has noted that the Federal Rules of Civil Procedure "evince[] a liberal amendment policy," by providing that the district court "should freely give leave [to amend a complaint] when justice so requires." *Alexander v. Eagle Mfg. Co., LLC*, 714 Fed.Appx 504 (6th Cir. 2017) (quoting FED. R. CIV. P.

15(a)(2)). The analysis of what justice required in this case might be different if a plaintiff filed a motion to amend in order to escape a motion to dismiss, after the defendant had already devoted significant resources to the motion. In this case it is the opposite, however. Plaintiff filed a motion to amend; Defendant didn't object; and then Defendant turned the basis of that motion into its own motion to dismiss. The equities weighed towards granting leave to amend, and the Magistrate Judge's Decision to do so, despite the pending motion to dismiss, was not erroneous.

Plaintiff's March 19, 2019 Amended Complaint now supersedes its original complaint. *See Phifer v. City of Grand Rapids*, 657 F.Supp.2d 867, 876 (W.D. Mich. 2009) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."); see also Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476, pp. 556-57 (2nd ed. 1990) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Defendant's Motion to Dismiss [35] is therefore moot, and will be denied without prejudice. *See, e.g., Siefman v. Wolverine Technologies, Inc.,* 1988 U.S. Dist. LEXIS 17437, *5 (E.D. Mich. Sept. 27, 1988) ("The filing of an amended complaint mooted any motions to dismiss directed toward the original complaint.").

Accordingly,

**IT IS ORDERED** that Defendant's Objection [43] to the Order on Motion to Substitute Party [42] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [35] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay [37] is **DENIED AS MOOT**.

**SO ORDERED**.

Dated: April 10, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge